# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Damien Miguel Zepeda,
Movant/Defendant
-vs-
United States of America,
Respondent/Plaintiff.

CV-17-1229-PHX-ROS (JFM)
CR-08-1329-PHX-ROS

**Report & Recommendation
on Joint Motion to Stay**

Under consideration is the Parties' Joint Status Report/Motion to Continue Stay filed September 16, 2019 (Doc. 34). The parties, including Movant who is represented by counsel, seek a continuation of a stay of the briefing schedule pending the Ninth Circuit's anticipated *en banc* decision on motion for rehearing in *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019). The parties previously obtained stays to await decisions by the Supreme Court in *Lynch v. Dimaya*, No. 15-1498, and the Ninth Circuit in *United States v. Begay*, No. 14-10080. (*See* Order 8/14/18, Doc. 25; Order 2/22/19, Doc. 30.) Decisions have now been issued in both of those cases, but the parties contend the requested *en banc* review in *Orona* could now be the lynchpin of at least part of this case.

Movant's Motion to Vacate (Doc. 1) was filed on April 25, 2017.[1] Movant argues that his convictions under 18 U.S.C. § 924(c) and resulting 85 year sentences must be vacated based on the reasoning and holding of *Johnson v. United States*, 135 S.Ct. 2551 (2015), as construed by *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).[2] A Response

---

[1] Respondent has conceded that the Motion is timely. (Answer, Doc. 13 at 12.) Accordingly, the recent decision in *U.S. v. Blackstone*, 903 F.3d 1010 (9th Cir. 2018) does not foreclose Movant's right to relief. In *Blackstone*, the court concluded an untimely *Johnson* claim attacking a conviction under 18 U.S.C. § 924(c) was not subject to 28 U.S.C. § 2255(f)(1) which permits a delayed commencement of the limitations period for new rules of law.

[2] On April 17, 2018, the Supreme Court issued its opinion in *Sessions v. Dimaya*, 138 S.Ct.

- 1 -

(Doc. 13) to the Motion to Vacate was filed on July 12, 2017. Movant has requested several extensions to reply (Docs. 14, 16) which were granted (Docs. 15, 17). Movant has not yet replied in support of his Motion to Vacate.

The parties previously obtained stays to await in *Dimaya* and *Begay*. On April 17, 2018, the Supreme Court issued its opinion in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), affirming the Ninth Circuit's decision extending *Johnson* to 18 U.S.C. § 16(b), thereby invalidating its residual clause, and effectively that of § 924(c). On August 19, 2019, in *United States v. Begay*, 2019 WL 3884261 (2019), the Ninth Circuit followed a panel decision in *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019) that relied on *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126, 1132 (9th Cir. 2006) (*en banc*) to conclude that reckless conduct did not qualify as a crime of violence under the elements test. The Government argued (as it does here) unsuccessfully that *Fernadez-Ruiz* had been effectively overruled by the decision in *Voisine v. United States,* 136 S. Ct. 2272 (2016).

Both *Begay* and *Orona* relied on a three-judge panel's obligation to follow existing Ninth Circuit precedent unless "clearly irreconcilable" with *Voisine*. *See Begay*, 2019 WL 3884261, at *5 and *Orona*, 923 F.3d at 1203. On August 22, 2019, the United States filed a petition for rehearing *en banc* in *Orona*. (CR 17-17508, Doc. 53.) If the petition for rehearing *en banc* is granted, the Ninth Circuit will have the opportunity to address whether the Supreme Court's decision in *Voisine* is irreconcilable with *Fernandez-Ruiz* and its determination that "crimes of violence" cannot be committed recklessly. That determination could be dispositive of Movant's challenged to Count 3, Use of a Firearm During a Crime of Violence (Assault Resulting in Serious Bodily Injury).

**Necessity of Order** – The Court's Order stayed this case by granting Movant's various motions. Although not an explicit limitation on the stay, the rationale for the stay was the pendency of *Dimaya* and *Begay*. Neither of those cases is now pending. Accordingly, in the ordinary course, the stay would now be vacated, briefing completed, and a ruling issued. Continuing the stay should be effected by a new order.

---

1204 (2018), affirming the Ninth Circuit's decision extending *Johnson* to 18 U.S.C. § 16(b).

**Magistrate Judge Authority** - The grant of a motion to stay may be deemed dispositive of a habeas petitioner's claims because it arguably effectively precludes some of the relief sought (e.g. the potential of immediate - or at least sooner – release from custody). *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (denial of stay that did not effectively deny any ultimate relief sought was non-dispositive) and *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (ruling on a motion to stay civil litigation pending arbitration is not dispositive of either the case or any claim or defense within it). *But see Mitchell v. Valenzuela,* 791 F.3d 1166, 1167 (9th Cir. 2015) (denial of stay to exhaust state remedies effectively dispositive of claims); and *Bastidas v. Chappell*, 791 F.3d 1155, 1157 (9th Cir. 2015) (same). Dispositive matters may not be heard directly by a magistrate judge in a case heard on referral, but must be addressed by way of a report and recommendation. *See* 28 U.S.C. § 636(b).

Here, the fact that Movant has requested the stay diminishes concerns that the motion could be considered dispositive. Nonetheless, in an abundance of caution, the undersigned addresses the matter by way of this Report and Recommendation.

**Applicable Law** - Generally, this court has authority to stay consideration of a case. A court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See also Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion.") (citing *Landis*). "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

Ordinarily, the propriety of a requested stay is determined by the weighing of "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "Among these competing

interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

And, ordinarily, judicial economy is a legitimate consideration in determining the need for a stay. For example, a "trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979).

However, in the context of habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000). This is because a habeas proceeding is intended to be a swift remedy to illegal confinement, and the statutes mandate that the courts give habeas petitions special preference on their calendars. *Id.*

> Consequently, although a short stay may be appropriate in a habeas case to await a determination in a parallel case in the same court, or to allow a state to prepare for a retrial of a successful petitioner, we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case.
> Nor do we now. "The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if ... trial courts do not act within a reasonable time." A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights.

*Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citations omitted) (quoting *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir.1978)).

In *Yong*, the Ninth Circuit held that a district court had abused its discretion in staying habeas proceedings pending a decision in a pending appeal called *Ma* that raised similar issues. The Ninth Circuit held that the stay, which would last for an indefinite period of time, placed a "significant burden" on the petitioner by delaying progress on his

petition contending that the INS was unconstitutionally detaining him. *See Yong*, 208 F.3d at 1120–21. The *Yong* panel reversed the stay-pending-decision even though the related appeal in question, *Ma*, had been placed on an expedited schedule.

**Application to this Motion** - In this case, the asserted bases for a stay have been the interests of uniform interpretation of the law and judicial economy. In requesting a continuation of the stay, the parties argue that *Orona* will be informative. Under *Yong*, the undersigned would ordinarily conclude that a stay would be inappropriate, given that (despite expectations) there is no guarantee that a decision in the case will be issued in the near future, or that it will ultimately be dispositive, or even necessarily informative (*i.e.* because it may be resolved on a procedural or other unexpected basis). Here, however, Movant has requested the stay and Respondent has joined in the request. And the greatest risk of harm from a stay is to Movant, who is requesting the stay. Consequently, it appears that the normal special concerns raised in *Yong* do not apply, and that no prejudice to Movant is likely from the requested stay.

Moreover, the parties argue: "Petitioner received a sentence of 120 months on Count 3 and consecutive sentences of 300 months each on the remaining § 924(c) counts. His sentence totaled 1,083 months' imprisonment. His current release date is January 3, 2089. As a result, Petitioner is not currently in any danger of overstaying his sentence, even if this Court were to find in his favor and reverse his conviction for Count 3." (Motion, Doc. 34 at 6.)

Given the potential that the decision in *Orona* may assist the Court and the parties in resolving the issues in this case, and result in economies to not only the Court, but to the parties, and increase the likelihood of a uniform application of the law as determined in those cases, the undersigned finds good cause to grant the stay.

However, given the potential that the stay could become protracted, the Court should continue to require updates on the subject cases after the expected time for decisions and/or upon such decisions, to permit the Court to re-evaluate whether a continued stay is appropriate.

**IT IS THEREFORE RECOMMENDED**:

(A) The Parties' Motion to Continue Stay, filed September 16, 2019 (Doc. 34) be **GRANTED**.

(B) The consideration of this matter continue to be **STAYED** until further order of the Court.

(C) The parties be required to file a status report regarding the continuance of the stay: (1) within 30 days of the issuance of any decision on the Motion for Rehearing by the Ninth Circuit in *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019); and (2) in any event on or before **March 16, 2020**, and every three months thereafter.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 17, 2019

James F. Metcalf
United States Magistrate Judge

17-1229-034o Order 19 09 16 on Joint Motion to Stay.docx